BRUNETTE *v.* QUINCY MINING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—CONSTRUCTION.

   The workmen's compensation act does not require the industrial accident board to give notice to the parties of the filing of the award by the committee on arbitration.

2. SAME.

   The workmen's compensation act does not require that copies of an award by the committee on arbitration be served on the parties by mail or otherwise.

3. SAME—CLAIM OF REVIEW—TIME LIMITED.

   The absolute right of parties in compensation proceedings

to file a claim of review with the industrial accident board under Act No. 10, part 3, § 8, Extra Session 1912 (2 Comp. Laws 1915, § 5461), is limited to 7 days from the date of filing of the award by the committee on arbitration with the board, and the award, upon the expiration of the time limited, then stands as the decision of the board.

4. SAME—EXTENSION OF TIME.

When the 7-day period since the filing of an award by the committee on arbitration with the industrial accident board, within which a claim for review should be filed, has passed, the board may grant an extension of time, in exceptional cases and for some special reason, upon a meritorious application showing, in its judgment, sufficient cause for further delay.

5. SAME.

Part 3, § 8, of the workmen's compensation act (2 Comp. Laws 1915, § 5461), only requires a claim for review of the decision of the arbitration to be filed with the industrial accident board within 7 days from the date of filing of the award which can be quickly prepared and transmitted, and assignments of error and grounds for review, which time is required to prepare, are not then required to be stated.

6. SAME—CLAIM OF REVIEW—DISCRETION OF BOARD.

Under the workmen's compensation act, part 3, § 8, extension of time for filing a claim for review of the award of arbitrators with the industrial accident board on application is a matter of discretion with the board which will not be interfered with unless palpable abuse of such discretion becomes manifest.

7. SAME.

The discretion of the industrial accident board in refusing to extend the time for filing the claim for review of the decision of the arbitrators under part 3, § 8, of the act, was not abused so as to warrant a disturbance of the act of the board where a copy of the award was mailed to the employer by the board and received two days after such filing and a claim for review was not mailed until six days after receipt of such copy by the employer and was not received by the board until three days later.[1]

[1]On construction and effect of workmen's compensation acts, generally, see comprehensive note in L. R. A. 1916A, 23.

Certiorari to Industrial Accident Board. Submitted June 21, 1917. (Docket No. 119.) Decided July 26, 1917.

Henry M. Brunette presented his claim against the Quincy Mining Company for injuries received in defendant's employ. From an order awarding compensation, defendant brings certiorari. Affirmed.

*Hanchette & Lawton,* for appellant.

*Charles O. Olivier,* for appellee.

STEERE, J. Section 8, pt. 3, of the workmen's compensation law (Act No. 10, Extra Session 1912, 2 Comp. Laws 1915, § 5461) provides as to claim for review, or appeals from the committee of arbitration to the State industrial accident board:

"The hearings of the committee [of arbitration] shall be held at the locality where the injury occurred, and the decision of the committee shall be filed with the industrial accident board. Unless a claim for review is filed by either party within seven days, the decision shall stand as the decision of the industrial accident board: *Provided,* That said industrial accident board may, for sufficient cause shown, grant further time in which to claim such review."

At a hearing before a committee of arbitration upon an application of Henry M. Brunette, plaintiff herein, held at the courthouse in the city of Houghton, on May 10, 1916, in the locality where the injury for which compensation was claimed had occurred, a decision was made in his favor against the Quincy Mining Company, defendant, awarding him compensation for injuries resulting from an industrial accident while in the latter's employ. The written "Award on Arbitration" made by the committee is marked "Dated and entered this 10th day of May, 1916," was filed with the industrial accident board, at Lansing, on May 13,

1916, and on the same day a copy of the award was mailed to defendant which was received by it May 15, 1916. On May 19, 1916, defendant mailed to the industrial accident board its claim for review of the award, which was received and filed on May 22, 1916, 12 days after the award was made and 9 days after it was filed with the board. On May 23, 1916, the secretary of the board advised defendant's counsel that the time in which to file the claim had expired before it was received, and it would therefore be ineffectual, calling attention, however, to the proviso authorizing the board to extend the time on a proper showing. Defendant thereupon filed a petition, supported by affidavits, showing dates and circumstances in harmony with the foregoing, claiming that it believed from the course followed the 7 days in which to file claim for review should be and was construed by the board as beginning when official notice of the award reached the parties, that it acted in good faith, with due diligence in preparing and forwarding its claim of review, requesting that the same "be allowed as filed within the time required by the statute, and, if necessary, time be extended in which to allow claim for review to be filed." This petition was opposed by claimant, and after a hearing before the full board, on September 6, 1916, was denied. Defendant now seeks by certiorari to compel the industrial accident board to allow its claim of review and pass upon the decision of the committee on arbitration, urging that upon the undisputed facts disclosed by this record the 7 days within which its claim for review should have been filed did not begin to run until notice of filing the award was received by it, on May 15th, and that in any event the technical refusal of the board to grant defendant's petition for a reasonable extension of time, as authorized by the said section 8, was, under the circumstances shown, against the spirit of the act and a palpable

abuse of discretion.   The return by the industrial accident board is in part as follows:

"Whether the day from which the 7 days begins to run is the day the award is signed by the arbitration committee or the day it is filed with the industrial accident board is immaterial in this case, because the respondent did not file this claim for review until 12 days from the day the award was made, and until 9 days from the day the decision was filed with the board, and it is the opinion of the board that the claim for review was not filed within the time fixed by the statute.   *   *   *   While it is clear from the statute that the board has the power, in a proper case, to grant an extension of time upon a sufficient showing, it is the opinion of the board that a showing of diligence should be made, or that a showing that circumstances beyond the control of the respondent prevented the respondent from making this claim for review within the time provided by law; no such showing is made in this case.   *   *   *

"Paragraph 4 of said petition states:

" 'That your petitioner was informed on the 10th day of May, 1916, that an award had been made by the arbitration committee in favor of the claimant, but the amount of the award was entirely unknown by the petitioner until notice was officially received, as aforesaid.' *   *   *

"The respondent, by its own admissions in this petition on the same day that an award was signed, learned that an award had been made, and that it was adverse to the respondent.   On the 15th day of May the respondent received notice from the board by mail that an award had been filed, and notwithstanding the fact that the time for claiming a review was passing, they delayed the filing of any claim for review in this matter until the 22d day of May thereafter, and it is the opinion of the board that the respondents have not made such a showing as the statute contemplates should be made which would warrant the board in entering an order granting further time within which to claim such review."

The law does not require the board to give parties

notice of filing the award, or require that copies of it be served upon them by mail or otherwise. While its provision for a claim of review might possibly be construed as 7 days from the time of the award, it clearly must at most be construed as 7 days from the time of *filing* the award with the board. That the absolute right of parties to file such claim then expires is emphasized by the proviso giving the board a discretionary power to extend the time upon a proper showing. When the time fixed by statute expires without any claim of review filed by either party, the award stands as the decision of the industrial accident board. Only in exceptional cases and for some special reason the board may, upon a meritorious application showing in its judgment sufficient cause for further delay, grant an extension of time. The arbitrary right of parties to file a claim of review is limited to 7 days from the date of filing the award.

The act requires that process and procedure in carrying out its provisions shall be summary, as reasonably possible, and the board may make rules for carrying them out, not inconsistent with the act (section 3, pt. 3). Any general rule extending the time to file a claim for review would be inconsistent with the act. We do not discover that any rules have been promulgated by the board touching the questions involved here. The committees of arbitration are required to make investigations and hold their hearings at the locality where the injury occurred, in any part of the State. The office, records, and headquarters of the industrial accident board are kept in the city of Lansing, as the statute requires (section 2, pt. 3), but one of the board, to be designated by it, must act, in person or by deputy, as a member of each committee of arbitration, wherever its hearing is held, and the industrial accident board itself may also hold its hearings on review of awards in Lansing or elsewhere as

deemed advisable. This situation naturally gives rise to more or less delay in filing papers and perfecting its records at its office, giving opportunity for more or less uncertainty and difficulty on the part of those interested in ascertaining just when decisions are made and filed, or important steps taken in pending proceedings, unless fully advised. Apparently the board recognizes this, for, although the statute does not require notice of filing awards and no rules seem to have been promulgated by the board, defendant was promptly, served by mail with a copy of the award, showing when it was filed, in time to have transmitted and filed its claim for review before the 7 days expired. A member of the arbitration committee, of defendant's selection as the statute authorized, also informed its attorney of the adverse award, though not the amount, on the same day it was made. The act only requires a *claim* for review to be filed within the 7 days, which can be quickly prepared and transmitted. Assignment of errors and grounds for review which counsel urge take time to prepare are not required by the act to be then stated.

Extension of time on application and showing is plainly made by statute a matter of discretion with the board, which this court may not interfere with unless a palpable abuse of such discretion becomes manifest. So considered, we cannot affirmatively find on the showing made in this case that the refusal of the accident board to affirmatively act under the proviso should be disturbed.

Its order of denial is therefore affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, and FELLOWS, JJ., concurred with STEERE, J.

BROOKE, J. Upon the showing made, I am of opinion that the discretion of the board should have been moved to grant the short extension of time requested.