COLLINS *v.* THE ALBERT A. ALBRECHT CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DISCRETION OF BOARD TO EXTEND TIME FOR APPEAL ON PROPER SHOWING.

   A showing that, through some oversight, no copy of the award of the committee on arbitration, in proceedings under the workmen's compensation act, was sent to defendants' attorneys, although it is a well-known and established custom of the board promptly to send one to the parties, to the insurance company carrying the risk, and to the attorneys for the parties, that as soon as defendants' attorneys learned of the award they promptly applied for an extension of time in which to perfect an appeal, *held*, sufficient to invoke the discretion of the board, under part 3, § 8, of said act, upon sufficient cause shown, to grant such extension, and the board was in error in holding that it was without discretion in the matter.

2. SAME—CUSTOM OF BOARD—RIGHT TO RELY ON—QUESTION FOR BOARD.

   As to whether defendants had the right to rely upon said custom of the board and assume that when they received notice of the award their attorneys also received the same notice, and would properly protect their rights, *held*, primarily a question for the board.

Certiorari to Industrial Accident Board. Submitted October 17, 1919. (Docket No. 69.) Decided December 23, 1919.

   Alex. Collins presented his claim for compensation against The Albert A. Albrecht Company for injuries received in defendant's employ. From an order denying a petition for an extension of time to perfect an appeal from an order awarding compensation, defendant and the General Accident, Fire & Life As-

surance Corporation, Limited, insurers, bring certiorari. Reversed, and order vacated.

*Kerr & Lacey,* for appellants.

*Douglas, Eaman, Barbour & Rogers,* for appellee.

FELLOWS, J. On December 10, 1918, Deputy Commissioner Ora E. Reaves, acting as a committee of arbitration, other arbitrators being waived, heard the testimony offered by the parties upon applicant's claim. He did not at this time announce or make his finding or award or fix a definite date when he would do so. On December 12th he made an award in favor of applicant. It is a well known and established custom of the board, and a commendable one, to promptly send to the parties, to the insurance company carrying the risk, and to the attorneys for the parties, true copies of the award. In this case through some oversight no copy of the award was sent to defendants' attorneys and they did not learn of the award until January 8, 1919. They then promptly filed a petition for an extension of the time in which to appeal the case. The board declined to exercise its discretion in the matter. It is somewhat doubtful from the findings filed whether this result was reached upon the theory that the board had no power or upon the theory that no facts were stated upon which the board could act. In its ultimate findings the board found:

"(*a*) That under the conditions of this case it has no power to grant an extension of time to the respondents during which they might appeal.

"(*b*) That if the industrial accident board had the power in this case it would exercise its discretion to grant an extension of time, and if it believed it had the power to grant an extension of time it would do so."

In its opinion, however, there is some language indicative of the view that no facts had been presented

authorizing it to act. We are, therefore, not confronted with the question of whether, upon the admitted facts, the board has abused its discretion or whether it should or should not grant such application. What we shall here say should not be regarded as any intimation on that subject as it is not before us. We are solely considering the question of the power of the board; and in view of the ambiguity contained in the findings shall consider its power generally and upon the facts in the instant case.

Section 8, part 3, of the act (2 Comp. Laws 1915, § 5461), provides:

"The committee of arbitration shall make such inquiries and investigations as it shall deem necessary. The hearings of the committee shall be held at the locality where the injury occurred, and the decision of the committee shall be filed with the industrial accident board. Unless a claim for a review is filed by either party within seven days, the decision shall stand as the decision of the industrial accident board: *Provided,* That said industrial accident board may, for sufficient cause shown, grant further time in which to claim such review."

This court had this provision of the act before it in *Brunette* v. *Mining Co.,* 197 Mich. 301, and *Kalucki* v. *Foundry Co.,* 200 Mich. 604. In both cases this court held that the board had the power, the discretion, to grant an extension of time. In the *Brunette Case,* we held that the discretion of the board had not been abused, while in the *Kalucki Case* we pointed out that the provision did not give the board the arbitrary power to extend the time fixed by the statute.

We think the facts set up in the petition are sufficient to authorize the board to exercise its discretion. What that action should be, we do not intimate. Parties, insurance companies, and attorneys having business before the board are familiar with the practices and customs of the board. The universal custom of

the board was to notify not only the parties, including the insurance companies, but also the attorneys appearing in the case. When the employer and its insurance company received notice of this, or any other award, they knew that, under the custom of the board, their attorneys should also receive the same notice they did. Perfecting the appeal was a matter for the attorneys. It is not an infrequent occurrence that business men turn over to their attorneys all details in the conduct of litigation; and we cannot say, and it is not before us to say, that respondents here did not have the right to rely upon this custom of the board and assume, and have a right to assume, that when they received notice of the award their attorneys also received the same notice and would properly protect their rights. Primarily this question was for the board. Sufficient facts were before the board to authorize it to act upon, to use its discretion; this it declined to do, holding that it had no power, no discretion, in the matter. In this the board was in error. Respondents were entitled to a determination of the question based on the discretion of the board. This they have not had. For this reason the order of the board will be vacated and the case remanded for further proceedings not inconsistent with this opinion.

BIRD, C. J., and SHARPE, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.