JONES *v.* ST. JOSEPH IRON WORKS.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—APPEAL—SUFFICIENCY.

A statement in a letter from plaintiff to the industrial accident board that he desired to appeal from the decision of the arbitrators, *held*, sufficient, under the statute (2 Comp. Laws 1915, § 5461, as amended by Act No. 64, Pub. Acts 1919); strict rules of pleading not being required.

2. SAME—INDUSTRIAL ACCIDENT BOARD'S POWERS ARE STATUTORY.

The industrial accident board, while performing *quasi* judicial duties, is not possessed of judicial power, but derives its authority from the statute creating it.

3. SAME—AWARD BY ARBITRATORS FINAL UNLESS CHANGED ON APPEAL.

When the arbitrators make their award, that award, in the absence of fraud, fixes the rights of the parties irrevocably

--------

On extent and review of findings of commission, under workmen's compensation act, see notes in L. R. A. 1916A, 163, 266; L. R. A. 1917D, 186.

unless the industrial accident board, on review, reaches a
different conclusion.

4. SAME—REHEARING NOT AUTHORIZED.

There is no power in the board to direct the submission to
a second set of arbitrators and vacate the steps already
regularly taken.

5. SAME—RIGHT OF BOARD TO EXAMINE PAPERS OF PARTIES.

While the board or any member thereof may make examina-
tions of books and papers of the parties to a dispute un-
der the statute (2 Comp. Laws 1915, § 5456), this does not
entitle a party to a transcript of the testimony obtained
at the expense of the other party.

6. SAME—INABILITY TO FURNISH TRANSCRIPT OF TESTIMONY No
AUTHORITY FOR SETTING ASIDE DECISION OF ARBITRATORS.

While the fact that plaintiff was unable to comply with the
request of the board to furnish it with a transcript of the
testimony taken before the arbitrators, because the stenog-
rapher's notes had been destroyed, might induce the board
to consider fully all testimony taken, under the provisions
of 2 Comp. Laws 1915, § 5464, it did not authorize the
board to vacate the proceedings already taken and order
a second arbitration.

Certiorari to Industrial Accident Board. Submitted
October 12, 1920. (Docket No. 80.) Decided De-
cember 21, 1920.

Claude E. Jones presented his claim for compensa-
tion against the St. Joseph Iron Works for injuries
received in defendant's employ. From an order set-
ting aside an award of arbitration and granting a re-
hearing thereof, defendant and the Michigan Mutual
Liability Company, insurer, bring certiorari. Re-
versed, and remanded.

*Beaumont, Smith & Harris* (*Hal. H. Smith* and *Al-
bert E. Meder,* of counsel), for appellants.

*H. Monroe Dunham,* for appellee.

During the month of May, 1918, plaintiff claims to have sustained an accidental injury while in the employ of St. Joseph Iron Works. September 29, 1919, a properly constituted board of arbitration denied him compensation and their finding was duly filed with the industrial accident board. On September 30th he sent to the board the following letter:

"Grand Rapids, Michigan, September 30, 1919.
"Industrial Accident Board,
    "Lansing, Michigan.
    "*Gentlemen: Dear Sirs:* Please forward blanks for appeal of my case of Claude E. Jones *v.* Saint Joseph Iron Works and Michigan Mutual Liability Insurance Company, of Detroit, and full information as to procedure, as I desire to appeal the case upon my own behalf without my attorney.
    "I remain,

                "Respectfully yours,
                    "Claude E. Jones,
                    "Grand Rapids, Mich.,
                        "130 Jefferson Av.
"Formerly of Benton Harbor, Mich."

The blanks were promptly mailed but did not reach plaintiff until some days later and his formal claim for appeal made out on such blanks was not filed with the board until October 11th. The insurance company had employed a stenographer to take the testimony before the arbitrators for its use. Applicant had not. Being informed by the board that he would be required to file a transcript of the testimony, plaintiff tried to obtain it from the company's stenographer. Many letters appear in the record showing such effort on his part; efforts of the board and the attorneys for the insurance company to the same end also appear, as does a letter from the stenographer saying that she was informed by plaintiff's attorney that there would be no appeal and had destroyed her notes. Finally and on March 16, 1920, the board made an order which, after reciting the inability of

plaintiff to obtain a transcript of the testimony, contains the following:

"Now, therefore, it is hereby ordered by the industrial accident board that the matter stands as though the case had never been set for arbitration and no attempt at hearing same had been made, and that the said case should be and it is hereby re-set for arbitration; all the interested parties will be given notice and have the right to again choose arbitrators and have a complete arbitration of the case, all interested parties to present any testimony they may have to the said arbitration committee hereafter to be formed, as though the case had never been heard, so that this board may have before it for its review the testimony so taken, so as to enable them to pass upon the merits of the matter."

We allowed this writ of certiorari to bring up this action for review.

FELLOWS, J. (*after stating the facts*). While other questions are argued, we are impressed that but two questions are presented upon this record for determination at this time. They are:

(1) Was applicant's letter above quoted a sufficient claim for review of the decision of the arbitrators? and

(2) Has the board the power to set aside the award of the board of arbitration and order a new arbitration?

We are persuaded that the first question must be answered in the affirmative and the second in the negative.

1. The statute (section 5461, 2 Comp. Laws 1915, amended by Act No. 64, Pub. Acts 1919) requires no formality in the claim for review and this court has on numerous occasions recognized the summary character of these proceedings. Strict rules of pleading are not required. In *Kalucki* v. *Foundry Co.*, 200

Mich. 604, where this section of the statute was under consideration, this court said:

"It may be noted in passing that a bare statement in writing of plaintiff's claim for review which could be written in two or three lines, would if filed with the board within the seven days have preserved right of review under the provision of the statute."

And in *Brunette* v. *Quincy Mining Co.,* 197 Mich. 301, where it was urged that time was needed to prepare the claim for review and assignments of error, we said:

"The act only requires a *claim* for review to be filed within the 7 days, which can be quickly prepared and transmitted. Assignment of errors and grounds for review which counsel urge take time to prepare are not required by the act to be then stated."

While the language found in the letter does not strictly follow the language of the statute, we think it was sufficient.

2. While the industrial accident board performs *quasi* judicial duties, it is not possessed of judicial power. It was created by statute and to the statute it must look for its authority. The general scheme of procedure in contested claims contemplates a submission to arbitration of the questions of liability and compensation, a review of the award of the arbitrators by the full board, a review of the board's action by this court on certiorari. When the arbitrators make their award either for or against the plaintiff, that award fixes the rights of the parties, and these rights are, in the absence of fraud, irrevocably fixed unless the board on review, hearing the case *de novo,* upon the testimony already taken, and such additional testimony as the parties may submit, reaches a different conclusion. In this way, and this way alone, may the award of the arbitrators be set aside. There is no power in the board to direct the submission to a second set of arbitrators and vacate the steps already

regularly taken. In *Pocs* v. *Buick Motor Co.*, 207 Mich. 591, and *Diebel* v. *Construction Co.*, 207 Mich. 618, this court held that the board had no authority to grant rehearings of matters already decided by it. Manifestly if it may not grant a rehearing upon its own action and of questions which it has decided it may not grant a rehearing before another set of arbitrators of matters once finally decided by a board of arbitrators chosen under the statute. It would be a strange rule which would take from one of the parties the benefit of an award by the arbitrators solely because the other party either through his own neglect or otherwise was unable to comply with the request of the board. We know of no rule of law or of practice which requires a party to furnish his adversary with a transcript of testimony taken by his own stenographer. While the board or any member thereof may make examinations of books and papers of the parties to a dispute (section 5456, 2 Comp. Laws 1915) this does not entitle a party to a transcript obtained at the expense of the other party. As a matter of courtesy between attorneys it is frequently furnished, and in the instant case the attorneys for the insurance company apparently made a good faith effort to obtain it for the plaintiff. The notes, however, had been destroyed and it was, therefore, impossible to produce it. This fact might induce the board to consider fully all testimony taken under the provisions of section 5464, 2 Comp. Laws 1915, but it did not authorize the action taken.

The order made by the industrial accident board vacating the award of the board of arbitration and resetting the matter for another arbitration must be vacated and the case remanded for such proceedings as may be had not inconsistent with this opinion.

Moore, C. J., and Steere, Brooke, Stone, Clark, Bird, and Sharpe, JJ., concurred.