HOSNER *v.* VILLAGE OF ROMEO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — EX-
TENSION OF TIME TO CLAIM REVIEW — BOARD RATHER THAN
DEPUTY TO EXERCISE DISCRETION.

Under 2 Comp. Laws 1915, § 5461, as amended by Act No.
64, Pub. Acts 1919, providing that the industrial accident
board may, for sufficient cause shown, grant further time
in which to claim a review from the decision on arbitra-
tion, it is the board rather than a deputy or any member
of the board that is to exercise its discretion.[1]

2. SAME — SUFFICIENCY OF SHOWING TO JUSTIFY EXTENSION OF
TIME — ABUSE OF DISCRETION.

A showing by plaintiff's counsel that he was instructed
by plaintiff to claim a review in case the decision on
arbitration was adverse to her claim for compensation
under the workmen's compensation act, that at the time
the notice of said adverse decision on October' 9th was
received at his office he was engaged in court in impor-
tant litigation which continued until the 20th, that said
notice was mislaid and not called to his attention until
the 20th, when he immediately prepared and filed his claim
for appeal, *held*, in the absence of bad faith, sufficient to
move the discretion of the board to grant an extension of
time to claim a review, which discretion cannot be said
to have been abused.[2]

3. SAME — PROXIMATE CAUSE OF DEATH — ANGINA PECTORIS.

Where deceased had been affected for some months with
*angina pectoris*, but the medical witnesses were of the
opinion that the proximate cause of his death was the
accidental injury to his ankle, received in the course of
his employment, and what it produced, an award for his
death under the workmen's compensation act was justified.[3]

Certiorari to Department of Labor and Industry.
Submitted January 9, 1925. (Docket No. 67.) De-
cided April 3, 1925.

[1]Workmen's Compensation Acts, § 115 (1926 Anno); [2]Id., § 115
(1926 Anno); [3]Id., § 114.

Augusta Hosner presented her claim for compensation against the village of Romeo for the accidental death of her husband in defendant's employ.     From an order awarding compensation, defendant and the State Accident Fund, insurer, bring certiorari.     Affirmed.

*Kerr, Lacey & Scroggie,* for appellants.

*Lungerhausen, Weeks & Lungerhausen,* for appellee.

BIRD, J.     Lincoln Hosner was employed by the village of Romeo as a laborer.     On November 22, 1922, he received an injury known as a Potts fracture of the left ankle.     The fracture was timely reduced and he thereafter appeared to be improving as rapidly and satisfactorily as a man of 61 years of age would be expected to improve.     A month later, on December 22d, without warning he died very suddenly. After the injury the village recognized its liability and agreed to an award of $14 a week.     After his decease his wife, the plaintiff, made application to the board of labor and industry for a death award.     An arbitration hearing resulted in a denial of the claim.     The order of denial was filed on October 9th, and notice thereof sent to the interested parties on October 10th.     The ten days provided for appeal expired and no appeal was taken.     On October 22d a claim for review and a petition for extension of time were filed on behalf of plaintiff. The motion for an extension of time was denied by the same commissioner who had sat in the arbitration hearing.     A claim for review from this holding was filed.     A second claim for review and petition for extension of time were filed and the full board considered the motion for extension and allowed it. Afterwards it heard the claim upon its merits and made a death award.     Defendants assign the following errors:

(1) The order of the deputy commissioner in acting on the petition for extension of time within which to claim review was either without authority, or as the department of labor and industry.

(2) No cause was shown as a matter of law for an extension of time within which to claim review.

(3) Considering all proceedings to have been regular the order of the department of labor and industry must be vacated for want of support.

1. The statutory authority of the board for extending the time in which to claim a review is the following:

"Unless a claim for a review is filed by either party within ten days, the decision shall stand as the decision of the industrial accident board: *Provided,* That said industrial accident board may, for sufficient cause shown, grant further time in which to claim such review." 2 Comp. Laws 1915, § 5461, as amended by Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5461).

We are impressed that the deputy commissioner would have no authority to act under this provision. The legislature expressly conferred that power on the industrial accident board. To authorize an extension of time to claim a review would require the action of the board. It is the board that is to exercise its discretion instead of a deputy, or any member thereof. It is quite likely that the board later reached the same conclusion because it considered the application and allowed the extension, the same as though the deputy had not heard and decided it. The order of the deputy denying the extension had no validity, and the board appears to have so treated it.

2. The claim is made that no sufficient cause was shown for an extension. The petition of plaintiff shows, in substance, that she instructed her counsel to file a claim of review in case the commissioners should decide against her. She further shows that she relied upon her counsel to make the claim of ap-

peal, and that she was in no way responsible for his failure to do so.    The affidavit of Mr. Weeks, in support of the petition, shows that he had charge of the matter, and was instructed by plaintiff to claim a review in case the decision was adverse.    He further shows that on the 15th of the month he was engaged in important litigation in the circuit court, which continued until about the 20th.    That the notice of the result of the arbitration came to his office, but was mislaid, and was not called to his attention until the 20th.    That immediately thereafter he prepared the claim for appeal and filed it.    No bad faith was shown or claimed upon the part of counsel.    We think the showing was sufficient to move the discretion of the board, and we cannot say that the discretion was abused.    *Merriman* v. *Jackson Circuit Judge,* 96 Mich. 603; *Capwell* v. *Baxter,* 58 Mich. 571.

3. It will be unnecessary for us to give much attention to the conclusion of the board on the merits.    The case went to the board on the theory that Mr. Hosner had been affected for some months with *angina pectoris,* and that the shock of the accident followed by close confinement had so reduced his power of resistance that his heart could not stand up under its load.    The medical witnesses were of the opinion that the proximate cause of death was the accident and what it produced.    The defendants admit that on the merits the testimony made a question of fact.

We think upon the whole record the award should be affirmed.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.