### SEDLOW v. PEOPLES WAYNE COUNTY BANK.

1. WORKMEN'S COMPENSATION—DEPARTMENT OF LABOR AND INDUS-
TRY—CERTIORARI.

   While department of labor and industry, in passing upon peti-
   tions for compensation, acts in a *quasi*-judicial capacity,
   generally, it acts as an administrative board and its deter-
   minations are reviewable in Supreme Court only by certiorari.

2. SAME—CERTIORARI—ABUSE OF DISCRETION.

   Only an abuse of discretion by the department of labor and
   industry in the exercise of its discretionary power will justify
   modification or setting aside its determination on review
   thereof by certiorari.

3. SAME—ACTION OF DEPUTY COMMISSIONER—EXTENSION OF TIME
FOR REVIEW—DISCRETION OF DEPARTMENT.

   The department of labor and industry may, for sufficient cause
   shown, extend the time within which a party may review the
   determination of a deputy commissioner and, in so doing,
   exercises a discretionary power with which the Supreme Court
   generally declines to interfere (2 Comp. Laws 1929, § 8447).

4. SAME—ABUSE OF DISCRETION—EVIDENCE.

   Order of department of labor and industry granting an exten-
   sion of time to review determination of deputy commissioner
   on employee's petition for further compensation *held*, not an
   abuse of discretion on showing that employee appeared before
   deputy without counsel, no testimony was taken as to his
   physical condition, that he did not know what his rights were
   and that he was misinformed as to law governing his case
   (2 Comp. Laws 1929, § 8447).

5. SAME—PARTIAL DISABILITY—JANITOR — EVIDENCE — CROSS-EXAM-
INATION.

   Award of partial disability to janitor, injured from fall from
   step-ladder, on his petition for further compensation *held*,

(325)

sustained by testimony although some of it was testimony by physicians who examined him after hearing before deputy, but referred to his condition as of that time, and full opportunity for cross-examination was afforded.

6. SAME—PARTIAL DISABILITY—ADEQUACY OF AWARD.

Adequacy of award for partial disability cannot be reviewed on certiorari where testimony was in decided conflict.

WIEST, EDWARD M. SHARPE, and POTTER, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted October 16, 1935. (Docket No. 103, Calendar No. 38,074.) Decided January 7, 1936.

Daniel Sedlow presented his claim against Peoples Wayne County Bank, employer, and General Accident Assurance Corporation, insurer, for compensation for accidental injury sustained while in defendant's employ. On petition for further compensation. Petition denied. On petitions for extension of time for appeal and to take further testimony. Petitions granted. Award to plaintiff. Defendants appeal. Affirmed.

*Casper C. Cutler (Floyd T. Schermerhorn,* of counsel), for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

NORTH, C. J. In passing upon petitions for compensation the commissioners of the department of labor and industry act in a *quasi*-judicial capacity; but in general they act as an administrative board. Their determinations are reviewable in this court only by certiorari. When they exercise a discretionary power nothing short of a showing of an abuse of discretion will justify this court in setting aside or modifying their determination. By statute (2 Comp. Laws 1929, § 8447) the department of

labor and industry may, for sufficient cause shown, extend the time within which a party may review the determination of a deputy commissioner. When a showing is made upon an application for such an extension of time, granting or denying the application is, at least in a very large measure, a matter of discretion. *Brunette* v. *Quincy Mining Co.,* 197 Mich. 301 (16 N. C. C. A. 743). We have repeatedly declined to interfere with discretionary orders of the department of labor and industry made in administering this phase of the workmen's compensation act. Among such cases the following may be noted: *Collins* v. *Albert A. Albrecht Co.,* 207 Mich. 627; *Hosner* v. *Village of Romeo,* 229 Mich. 654; *Suggs* v. *Ternstedt Manfg. Co.,* 232 Mich. 599. As stated in the opinion of Mr. Justice EDWARD M. SHARPE, plaintiff made a showing on the basis of which the commission granted an extension of time. The showing was such that it seems to me it cannot be held the commission abused its discretion in granting the extension of time; and therefore the award of the commission should not, for that reason, be vacated.

Nor do I think the award should be disturbed, as claimed by appellants, because the department permitted the taking of the additional testimony of certain physicians who examined plaintiff subsequent to the hearing before the deputy commissioner. Especially is this true since the testimony given by these witnesses, while based upon their subsequent examinations, referred to plaintiff's condition at or prior to the time of the hearing before the deputy; and further, full opportunity for cross-examination was afforded.

There is testimony in the record to sustain the department's determination of plaintiff's partial

disability. The extent of such partial disability was a question of fact which had to be determined from the testimony in which there was a decided conflict. Plaintiff's claim on this appeal, that the award of $4 per week is inadequate, cannot be reviewed on certiorari. The award for partial disability is affirmed, with costs to appellee.

BUTZEL, BUSHNELL, and TOY, JJ., concurred with NORTH, C. J.

EDWARD M. SHARPE, J. (*dissenting*). Plaintiff while in the employ of defendant bank as a janitor fell from a step-ladder July 28, 1931, injuring his back and feet. A report of compensable accident was filed with the department of labor and industry; compensation at the rate of $16 per week was agreed upon and approved August 31, 1931. Under this agreement, compensation was paid to February 15, 1932, when a settlement receipt was signed which was approved by the department of labor and industry March 1, 1932. Plaintiff returned to work February 16, 1932, as a janitor and watchman and received his regular salary, which was later reduced along with other employees. Plaintiff was discharged or laid off April 4, 1933, and on April 28, 1933, filed a petition asking for further compensation. A hearing was had on this petition May 29, 1933, at which time plaintiff was not represented by an attorney, but was sworn as a witness and consented to the deputy commissioner entering an order denying his petition for further compensation.

On October 20, 1933, plaintiff filed another petition for further compensation, but when the cause came on for hearing December 21, 1933, the same was withdrawn at the request of plaintiff who had filed a petition for extension of time in which to

appeal from the order of the deputy commissioner denying him an award on May 29, 1933, and also filed a petition to take additional testimony. Both of these petitions were granted and testimony taken from certain physicians based upon an examination of the plaintiff taken by these physicians approximately four months after the date of the hearing of the deputy commissioner. As a result of the evidence produced at this hearing plaintiff was granted compensation for partial disability at the rate of $4 per week from March 25, 1933, from which order defendants appeal and contend that the department of labor and industry exceeded its authority in granting plaintiff a delayed appeal.

Section 8447, 2 Comp. Laws 1929, provides that, "unless a claim for review is filed by either party within ten days, the decision shall stand as the decision of the industrial accident board:* provided, That said industrial accident board may, for sufficient cause shown, grant further time in which to claim such review."

In *Brunette* v. *Quincy Mining Co.,* 197 Mich. 301 (16 N. C. C. A. 743), we said:

"Extension of time on application and showing is plainly made by statute a matter of discretion with the board, which this court may not interfere with unless a palpable abuse of such discretion becomes manifest."

and also:

"Only in exceptional cases and for some special reason, the board may, upon a meritorious application showing in its judgment sufficient cause for further delay, grant an extension of time."

---

*The powers and duties of the industrial accident board are now vested in the department of labor and industry. See 2 Comp. Laws 1929, § 8312.—REPORTER.

For cases upon this subject, see, also, *Collins* v. *Albert A. Albrecht Co.,* 207 Mich. 627; *Jones* v. *St. Joseph Iron Works,* 212 Mich. 174; *Hosner* v. *Village of Romeo,* 229 Mich. 654; *Detroit United Railway* v. *Department of Labor & Industry,* 231 Mich. 539; *Suggs* v. *Ternstedt Manfg. Co.,* 232 Mich. 599.

An examination of plaintiff's petition for an extension of time in which to appeal discloses that he appeared before the deputy commissioner without counsel; that no testimony was taken as to his physical condition; that he claims he did not know what his rights were; and that he was misinformed by the deputy commissioner and defense attorney as to the law governing his case.

In the case at bar as in all such cases it is the duty of plaintiff to prove his case before the deputy commissioner in order to get an award for compensation. There was no duty upon the deputy commissioner to compel plaintiff to proceed to a hearing upon his case, nor is the fact that plaintiff chose to forego the aid of counsel any reason why he should be given priority of rights. We recognize that the granting of a delayed appeal in such cases is a matter of discretion with the department but such right is based upon reason and cause shown, and in this case we are unable to find that plaintiff presented sufficient reasons for the granting of a delayed appeal. The record shows that the petition upon which plaintiff was denied compensation was filed April 28, 1933; the hearing was held May 29, 1933; and the next petition was filed six and a half months later. The filing of this latter petition in our opinion is indicative that plaintiff intended to abandon the first petition filed. Nor does the withdrawal of this latter petition change the original intent to abandon.

To grant an appeal after a delay of six and a half months for the reasons shown in plaintiff's petition is an abuse of discretion; and in view of our holding in this cause it will be unnecessary to review the other matters presented.

The award should be vacated, with costs to defendant.

WIEST and POTTER, JJ., concurred with EDWARD M. SHARPE, J.   FEAD, J., did not sit.