VIDO v FORD MOTOR COMPANY

Docket No. 78-1578. Submitted February 22, 1979, at Detroit.—Decided March 26, 1979.

John Vido petitioned for workmen's compensation benefits from Ford Motor Company and the Second Injury Fund. The petition was dismissed for lack of progress. On appeal, the Workmen's Compensation Appeal Board denied Vido's request for reinstatement. The Court of Appeals denied Vido's application for leave to appeal, and the Supreme Court, in lieu of granting leave to appeal, remanded to the appeal board for a hearing at which Vido would be allowed an opportunity to show good cause why his petition should not have been dismissed. 402 Mich 857 (1978). At the proceedings on remand the board denied Vido's motion to reinstate, and Vido appeals by leave granted. *Held:*

The appeal board's order is sufficient to allow judicial review. Even though it does not set forth testimony adopted, the legal standard employed, or the reasoning followed, the matter was a simple administrative one in which the only question was whether or not Vido demonstrated good cause. The board's decision is reviewable only for an abuse of discretion, and plaintiff's allegations provide no excuse for his having let the disposition deadline pass without taking further action. The board did not abuse its discretion.

Affirmed.

1. Administrative Law — Workmen's Compensation Appeal Board — Order — Judicial Review — Sufficiency.

An order of the Workmen's Compensation Appeal Board denying a plaintiff's motion to reinstate his petition for benefits after the petition had been dismissed was sufficient to allow judicial review even though the order, unlike an opinion, did not set forth the testimony adopted, the legal standard employed, and the reasoning followed in reaching the decision, because it was

References for Points in Headnotes
[1, 2] 2 Am Jur 2d, Administrative Law § 645 *et seq.*
  82 Am Jur 2d, Workmen's Compensation §§ 613, 616.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 630, 631.

a simple administrative matter in which the plaintiff either showed good cause or did not.

2. Administrative Law — Workmen's Compensation Appeal Board — Good Cause — Judicial Review — Abuse of Discretion.

The question of whether a plaintiff shows good cause why his petition for workmen's compensation benefits should not have been dismissed is addressed to the discretion of the Workmen's Compensation Appeal Board and is reviewable only for abuse of discretion.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eileen D. Zielesch,* Assistant Attorney General, and *John F. Brady,* Special Assistant Attorney General, for the Second Injury Fund.

Before: Allen, P.J., and R. B. Burns and N. J. Kaufman, JJ.

Per Curiam. Plaintiff's petition for worker's compensation benefits was dismissed without prejudice by the referee for no progress. MCL 418.205; MSA 17.237(205), 1972 AACS R 408.40d. Plaintiff had received two extensions of the disposition deadline. The last action in the case had occurred nearly three months prior to dismissal, when the referee denied plaintiff's motion to take plaintiff's testimony by out-of-state deposition. The motion was denied because there was no medical proof that plaintiff could not attend trial. The Workmen's Compensation Appeal Board denied plaintiff's request for reinstatement, and this Court denied leave to appeal. Upon plaintiff's application for leave to appeal to the Supreme Court, that Court remanded to the board for a hearing at which plaintiff would be allowed an opportunity to

show good cause why his petition should not have been dismissed by the referee, 402 Mich 857 (1978). The board granted plaintiff the option of proceeding by pleadings rather than a hearing, which plaintiff accepted. Plaintiff's pleadings asserted that plaintiff had attempted to get medical evidence of inability to travel, but had been stymied by defendant's failure to pay medical bills as required by the act. Plaintiff further alleged that, while plaintiff's counsel was attempting to resolve this dispute, the petition was dismissed. The board entered an order denying plaintiff's motion to reinstate. Plaintiff appeals by leave granted. We affirm.

Plaintiff initially argues that the board erred by resolving the issue by order rather than through an opinion setting forth the testimony adopted, the legal standard employed, and the reasoning followed in reaching the decision. See, *e.g., Leskinen v Employment Security Comm,* 398 Mich 501, 509-510; 247 NW2d 808, 811 (1976). While such elaboration is necessary to allow us to review the board's resolution of cases on the merits, it is not ordinarily necessary where the issue presented is a simple administrative matter. There was no testimony to sift, the legal standard to be applied was apparent, and its application to the facts alleged straightforward. Either plaintiff showed good cause or he did not. The board's order indicates that it found that he did not. Nothing more is needed for review.

The question of whether plaintiff demonstrated good cause is one addressed to the discretion of the board, and is reviewable only for abuse of discretion. See *Meyers v Iron County,* 297 Mich 629; 298 NW 308 (1941), *Sedlow v Peoples Wayne County Bank,* 274 Mich 325; 264 NW 388 (1936). Accepting

as true plaintiff's allegation that he was having difficulty getting medical evidence of inability to travel, that is no excuse for allowing the deadline to pass without seeking an extension or an order to compel his former employer to pay the outstanding medical bills. The board did not abuse its discretion.

Affirmed. Costs to defendant.