SAFECO INSURANCE COMPANY v MINDELL, PANZER, MULCAHY &
MALIN, PC

Docket No. 193556. Submitted October 8, 1998 at Detroit. Decided April 9,
1999, at 9:35 A.M.

Kimberly Lubecki, after being injured in an automobile accident, peti-
tioned the Bureau of Worker's Disability Compensation for
worker's compensation benefits payable by Mindell, Panzer, Mul-
cahy & Malin, P.C., and its insurer, Continental Casualty Company.
Safeco Insurance Company, the no-fault automobile insurer of
Lubecki, intervened as a plaintiff. The matter was set for trial six-
teen times before trial commenced. No resolution was reached
after two scheduled redemption hearings. A worker's compensation
magistrate dismissed the matter for lack of progress, and the
Worker's Compensation Appellate Commission denied a motion by
Safeco for reinstatement of the petition. Safeco appealed by leave
granted.

The Court of Appeals held:

The appellate commission did not abuse its discretion in denying
the motion to reinstate the petition for worker's compensation ben-
efits. MCL 418.205; MSA 17.237(205) states that a case may be dis-
missed for lack of progress and does not state that the decision to
dismiss must be conditioned on a finding that the petitioner is at
fault for the lack of progress.

Affirmed.

1. WORKER'S COMPENSATION — APPELLATE COMMISSION — MOTIONS TO REIN-
STATE PETITION FOR BENEFITS — APPEAL.

The Court of Appeals reviews for abuse of discretion the grant or
denial by the Worker's Compensation Appellate Commission of a
motion to reinstate a petition for benefits dismissed by a worker's
compensation magistrate; an abuse of discretion occurs when the
decision is so palpably and grossly violative of fact and logic that it
evidences not the exercise of will but the perversity of will, not the
exercise of judgment but defiance thereof, not the exercise of rea-
son but rather of passion or bias.

2. WORKER'S COMPENSATION — PETITIONS FOR BENEFITS — DISMISSALS — LACK OF PROGRESS.

A petition in the Bureau of Worker's Disability Compensation for benefits may be dismissed for lack of progress; a dismissal need not be conditioned on a finding that the petitioner is at fault for the lack of progress (MCL 418.205; MSA 17.237[205]).

*Siemion, Huckabay, Bodary, Padilla, Morganti & Bowerman* (by *Thomas M. Caplis* and *Michael J. Rinkel*), for Safeco Insurance Company.

*Charfoos, Reiter, Peterson, Holmquist & Pilchak, P.C.* (by *James A. Reiter*), for Mindell, Panzer, Mulcahy & Malin, P.C., and Continental Casualty Company.

Before: KELLY, P.J., and HOLBROOK, JR., and MURPHY, JJ.

PER CURIAM. Appellant appeals by leave granted from an order of the Worker's Compensation Appellate Commission (WCAC) denying appellant's motion to reinstate plaintiff's petition. We affirm.

Plaintiff was injured in an automobile accident in November 1989. She filed her petition for worker's compensation benefits approximately one year after the accident. Plaintiff suffered a spinal injury that resulted in the loss of use of her upper extremities. Plaintiff also reported that the accident left her suffering from severe headaches and vertigo, as well as unspecified psychiatric and emotional difficulties. At the time of the accident, appellant was plaintiff's no-fault insurance carrier. Appellant filed its intervening petition in October 1992. In an order dated July 26, 1995, the magistrate dismissed plaintiff's petition for lack of progress. MCL 418.205; MSA 17.237(205). In an

order dated February 29, 1996, the WCAC denied appellant's motion to reinstate.

Continental Casualty Company (hereinafter Continental) is the worker's compensation insurance carrier for defendant Mindell, Panzer, Mulcahy & Malin, P.C. (hereinafter defendant). Continental paid plaintiff's benefits for the first five months of 1990. Continental then terminated those payments, arguing that plaintiff did not have a compensable injury. Thereafter, appellant began paying no-fault insurance benefits to plaintiff.

The parties agree that this matter was adjourned numerous times before trial finally commenced. In her order of dismissal, the magistrate observed that the case "was set for trial 16 times before trial was commenced on 12/14/94," over five years after plaintiff's accident, and four years after plaintiff filed her petition. Then in June 1995, an apparent breakthrough came when a tentative settlement was reached between Continental and appellant. However, when two scheduled redemption hearings failed because of concerns raised by plaintiff, the magistrate ordered the "matter dismissed due to a profound lack of progress."

We review the WCAC's resolution of a motion to reinstate a worker's compensation petition for an abuse of discretion. *Vido v Ford Motor Co*, 89 Mich App 646, 648; 280 NW2d 513 (1979). An abuse of discretion occurs when an unprejudiced person, considering all the facts on which the tribunal acted, would conclude that the decision could not be justified. *People v Ullah*, 216 Mich App 669, 673; 550 NW2d 568 (1996). In other words, an abuse of discretion occurs when the decision is "so palpably and grossly violative of

fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *People v Bahoda*, 448 Mich 261, 289, n 57; 531 NW2d 659 (1995).

After reviewing the record, we conclude that the WCAC did not abuse its discretion in denying appellant's motion to reinstate the petition. Appellant concedes that the "case has a long and protracted history." However, appellant argues that by dismissing the petition, the WCAC is unfairly punishing appellant for the dilatory actions of plaintiff. We disagree. MCL 418.205; MSA 17.237(205) states that a case may be dismissed "for lack of progress." It does not say that the decision to dismiss must be conditioned on a finding that the petitioner is at fault for the lack of progress. See *Coleman v Gurwin*, 443 Mich 59, 65; 503 NW2d 435 (1993) (observing "that a clear and unambiguous statute leaves no room for judicial construction or interpretation"). Therefore, regardless of who is at fault for the course of events in this matter, we conclude that the WCAC's decision to deny appellant's motion does not evidence a perversity of will, a defiance of judgment, or the exercise of passion or bias.

Affirmed.