No. 20,637.

J. H. OLIVER, *Appellee,* v. GEORGE C. CHRISTOPHER et al., Partners, etc., *Appellants.*

### SYLLABUS BY THE COURT.

1. APPEAL AND ERROR — *Harmless Error — Workmen's Compensation Act—Petition—Negligence.* The refusal to strike from a petition under the workmen's compensation act allegations regarding negligence held not to constitute material error, because in the light of the entire record it clearly could not have resulted in prejudice.

2. SAME—*Harmless Error—Petition—Anticipating Defense.* The refusal to strike from the petition matter negativing an anticipated defense held to be· nonprejudicial.

3. MASTER AND SERVANT—*Injury to Servant—Partial Disability—Evidence.* Testimony of a plaintiff that the loss of an eye had impaired his, efficiency as a workman, because he could not gauge distances as well as before, is a sufficient basis for a finding of partial disability under the compensation act.

4. NEW TRIAL—*Excluded Evidence—Failure to Produce—Waiver.* The rule applied that the omission to produce excluded evidence at the hearing of the motion for a new trial waives any error in its rejection.

5. MASTER AND SERVANT—*Injury to Servant—Duration of Disability—Judgment.* Where in an action under the workmen's compensation act the duration of the plaintiff's total disability, and the existence of permanent partial disability, are fixed by special findings which have not been influenced by any error available on appeal, a judgment making the minimum allowances required by the statute can not be reversed at the instance· of the defendant because the general verdict or other findings are not supported by the evidence.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed July 8, 1916. Affirmed.

*T. A. Noftzger,* and *George Gardner,* both of Wichita, *Adrian F. Sherman,* and *Thad B. Landon,* both of Kansas City, Mo., for the appellants.

*George W. Adams,* and *John W. Adams,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: J. H. Oliver, by reason of an injury resulting in the loss of the sight of one eye, recovered a judgment against his employers, George C. Christopher & Son, under the work-

men's compensation act, for $1251. The amount was arrived at by deducting $50, for medical service rendered, from allowances for total incapacity for five months, at $6 a week, and for partial incapacity for seven years and seven months additional, at $3 a week. The defendants appeal.

1. The petition undertook to tell in detail how the accident happened, stating in substance that the machinery the plaintiff was using was defective, that his injury was due to its defects, and that he was without fault in the matter. The defendants complain of the overruling of a motion to strike out these statements, as having no place in an action for compensation under the statute, and as tending to create prejudice in the minds of the jury, to whom this portion of the petition was known by its having been read by the plaintiff's attorney in opening the case, and by its having been quoted in the instructions. Matters relating to negligence are of course irrelevant in a proceeding under the compensation act, and bringing them before the jury may in some circumstances be prejudicial. (*Ruth v. Witherspoon-Englar Co.*, ante, p. 179, 157 Pac. 403.) Here the reference to the subject in the pleading was so incidental that the likelihood of its having influenced the jury was small. An instruction was given to the effect that the plaintiff was not required to prove negligence in order to recover, and that his recovery must be based only on his incapacity for work occasioned by his injury. It is true a verdict was returned for $1600, a greater amount than was warranted by the pleadings, evidence and findings. But, as will hereinafter appear, the only vital questions required to be determined by the jury were the duration of the plaintiff's total disability, and whether there was any permanent partial disability, that is, whether the loss of the sight of one eye was permanent, and if so, whether it impaired his earning capacity. These issues were covered by special findings, which obviously could not have been influenced by the allegations regarding negligence, and the general verdict was properly disregarded. It is manifest, therefore, that no prejudice resulted from the ruling complained of. A copy of the claim for compensation, which was attached to the petition as an exhibit, and which contained a statement that the injury was due to defective machinery, was introduced in evidence over the defendants' objection. The

introduction was unnecessary, as service of the notice had been admitted, but it could not have been prejudicial, for the reasons already indicated.

2. The petition negatived all the conduct on the part of the plaintiff, such as his willful failure to make use of a protection provided for him, which under the statute (Laws 1911, ch. 218, § 1) would have prevented a recovery. A motion to strike out these allegations was also overruled. They were doubtless unnecessary, as they related to matters of defense, but their presence in the petition could not have affected the judgment.

3. The jury returned a finding, which is attacked as contrary to the evidence, but which is held to be not without support, that the injury caused a total disability of five months. They also found that during the remainder of his life the plaintiff would be partially incapacitated, and in a separate finding they estimated his future earning capacity at $1 a day. The defendants maintain that there was no evidence to support either of these findings. In a recent case a judgment based on a deduction of fifteen per cent of a workman's earning capacity by reason of the loss of an eye was reversed (by a divided court) for want of specific evidence in its support. (*International H. Co. v. Industrial Commission,* 157 Wis. 167, 147 N. W. 53.) In the opinion the character of proof required on that issue is discussed, the court refusing to take judicial notice that in employing workmen to operate machinery preference will be given to those having the use of both eyes. Here the plaintiff testified that since his injury he could not do the work at which he had been employed; that he "could not get the focus"; that he had undertaken work that involved driving nails and had found that his usefulness was impaired because he could not gauge their distance as he could before. This testimony tended to show some diminution in his efficiency. Possibly its effect may have been increased by his appearance. (*Gorrell v. Battelle,* 93 Kan. 370, 144 Pac. 244.) The jury were, therefore, warranted in finding, as they did, that there was some substantial permanent impairment of his earning capacity. Their estimate that it was reduced to $1 a day may be rejected without affecting the judgment. The statute requires minimum allowances of $6 a week during total disability, and

$3 a week during partial disability. (Laws 1911, ch. 218, § 11, amended by Laws 1913, ch. 216, § 5; *Roberts v. Packing Co.*, 95 Kan. 723, 149 Pac. 413.) The amount of recovery was fixed by the court on this basis.

4. The defendants produced several witnesses, each of whom had for some time been deprived of the use of an eye, and offered to show by them that their capacity to obtain and perform such work as that at which the plaintiff had been employed had not thereby been diminished. The evidence was rejected. Assuming that it was competent, the ruling is not available as error, because at the hearing of the motion for a new trial no proof was made as to what the witnesses would have sworn to had they been permitted to testify. (Civ. Code, § 307.)

5. Since the duration of the plaintiff's total disability and the existence of permanent partial disability are established by special findings which were not influenced by any error that is available on review, and the amount of the judgment was arrived at by applying the law to the facts so established—making the minimum allowances required by the statute—no defect in the general verdict or in the other findings can justify a reversal at the instance of the defendants.

The judgment is affirmed.