WILLIAM C. O'BRIEN'S CASE.

Suffolk.　June 26, 1917. — September 13, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act.*

Under the provision of the workmen's compensation act contained in St. 1911, c. 751, Part II, § 11 (*b*) as amended by St. 1914, c. 708, § 6, for additional compensation for the specific injury consisting of "the reduction to one tenth of normal vision in either eye with glasses," in a claim for such additional compensation for an injury to the employee's right eye it appeared that the vision of the employee's left eye was normal and that the vision of the injured eye without a glass was about one sixtieth, while the vision of the injured eye alone with a glass was nearly normal, but that the use of glasses for both eyes together was impracticable, because no glass that could be devised for the injured eye which would give a fused vision with the good eye, and that with any glasses the use of both eyes resulted in a sort of double vision which prevented any useful sight. The Industrial Accident Board decided that "the employee has sustained a reduction of vision in the injured eye to one tenth of normal with glasses." *Held,* that the board interpreted correctly the intention of the Legislature in considering the vision of one eye as compared with the normal vision of both eyes together and that their decision was warranted.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding to William C. O'Brien, who was employed as a mason by the firm of Harmon and Hopkins at Taunton, specific compensation (in addition to the compensation theretofore paid to him) of $10 a week for a period of fifty weeks from April 11, 1916, the date of his injury, for reduction of vision in his right eye to one tenth of normal with glasses under the provision of St. 1911, c. 751, Part II, § 11 (*b*), as amended by St. 1914, c. 708, § 6.

The case was heard by *Fox,* J.　The evidence reported by the

arbitration committee is described in the opinion. No new evidence was presented before the Industrial Accident Board and the rulings and findings of the arbitration committee were affirmed and adopted. The board found that the employee had sustained a reduction of vision in the injured right eye to one tenth of normal with glasses as a result of a personal injury which arose out of and in the course of his employment; and that there was due the employee a weekly compensation of $10 for a period of fifty weeks, less an overpayment by the insurer of $8.57, the net sum due the employee being $491.43.

The judge made a decree in accordance with the decision of the Industrial Accident Board ordering the insurer to pay to the employee the sum named above. The insurer appealed.

The case was submitted on briefs.

*N. F. Hesseltine, J. W. Bond & J. F. Scannell,* for the insurer.

*J. B. Tracy,* for the employee.

DE COURCY, J. A piece of steel entered the employee's right eye on April 11, 1916; and it is conceded that the resultant injury arose out of and in the course of his employment. Under the workmen's compensation act additional compensation is payable for certain specified injuries, among others, for "the reduction to one tenth of normal vision in either eye with glasses." St. 1911, c. 751, Part II, § 11 (*b*), as amended by St. 1912, c. 571, § 2; St. 1914, c. 708, § 6.

The evidence on which the Industrial Accident Board found that the employee was entitled to the benefit of this provision was substantially undisputed. The vision of the employee's left eye is normal. That of the right eye, without a glass, is about one sixtieth. By covering the good eye, the vision of the injured eye alone, with a glass, is nearly normal. This however cannot be utilized when he uses the normal eye and the corrected eye together, as there is a lack of co-ordination or correlation, a sort of double vision. No glass that he could get for the injured eye would give him fused vision with the good eye. The result is that when both eyes are used together glasses are impracticable.

The decision of the Industrial Accident Board was that "the employee has sustained a reduction of vision in the injured eye to one tenth of normal with glasses." They reached this conclusion by taking into consideration the vision of the right eye as

compared with the normal vision of both eyes used together. In doing so, we think the board correctly interpreted the intention of the Legislature. The construction contended for by the insurer would lead to the unreasonable result of allowing compensation for the loss of an eye, but none for an injury that rendered the eye worse than useless. On the testimony of the insurer's own expert the employee would enjoy normal vision with the left eye if the injured eye were removed entirely.

*Decree affirmed.*