Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WILLIAM SMITH, Respondent, for Compensation under the Workmen's Compensation Law, *v.* F. & B. CONSTRUCTION COMPANY, Employer, and LONDON GUARANTEE AND ACCIDENT COMPANY, Insurance Carrier, Appellants.

Third Department, November 18, 1918.

**Workmen's Compensation Law — award for permanent loss of use of eye.**

Where a claimant under the Workmen's Compensation Law, with the use of glasses, has a vision of about one-third with the right eye, but in order to obtain it he must close the other eye, an award is properly made for the " permanent loss of use of the right eye considered as the equivalent of the loss of such eye."

LYON, J., dissented.

APPEAL by F. & B. Construction Company and another from an order of the State Industrial Commission, entered in the office of said Commission on the 15th day of May, 1918, affirming an award made on the 14th day of September, 1917.

*William Butler,* for the appellants.

*Merton E. Lewis, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent Industrial Commission.

*H. H. Schwartz,* for the respondent, claimant.

JOHN M. KELLOGG, P. J.:

By the award appealed from claimant has been compensated for the " permanent loss of use of the right eye, considered as the equivalent of the loss of such eye."

With the use of powerful glasses he has a vision of about one-third with that eye, but in order to obtain it he must close the other eye. In any event he can·only have one eye, and if he uses the injured eye he has the vision of but one-third of an eye.

The case differs from *Frings* v. *Pierce Arrow Motor Car Co.* (182 App. Div. 445) where by the use of glasses claimant had the normal vision of the injured eye. There, without glasses, he had vision of but one eye and with the use of glasses had the normal vision of the other eye only. In any event he had the full vision of one eye and could use either eye at pleasure. But here, to get a third vision from the right eye, he must forego entirely the use of. the left eye. I think the rule in the *Frings* case should not be extended beyond the facts there found. I favor an affirmance of the award.

All concurred, except LYON, J., dissenting.

Award affirmed.