(No. 12882.—Reversed and remanded.)·

THE JUERGENS BROS. COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRED KAAGE, Defendant in Error.)

*Opinion filed December 17, 1919.*

1. WORKMEN'S COMPENSATION—*the Compensation act should be given practical construction.* The application of the Compensation act should not be made to depend upon fine-spun theories based upon scientific technicalities but the act should be given a practical construction and application.

2. SAME—*when injury to eye results practically in loss of its use.* Where an employee by an injury to one eye loses all practical use of it except by the use of lenses giving him normal vision at fixed distances, the injury amounts, in effect, to loss of sight of the eye, notwithstanding the possibility that he might to a certain extent recover the sight of that eye if the sight of the other eye should be destroyed.

3. SAME—*the circuit court cannot direct payment of award and order execution.* The only authority which the circuit court has on review of an award by *certiorari* is to confirm the findings and award of the Industrial Commission or to set aside the same and enter such a decision as is justified by law or remand the cause to the commission for further proceedings; and said court cannot enter judgment and order execution, as the employee is fully protected by the bond required of the employer on the petition for review.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

F. J. CANTY, and J. C. M. CLOW, for plaintiff in·error.

MELVILLE R. THOMSON, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Cook county confirmed the award of the Industrial Commission. The record shows that the plaintiff in error and Fred Kaage, defendant in error, were on May 15, 1917, at the time of the accident; working under and subject to the provisions of the Workmen's Compensa-

tion act as it existed at that time, and that the accident arose out of and in the course of the employment of Kaage. The average weekly wage of Kaage at the time of the accident was $21. There is no claim for medical, surgical or hospital services, and all payments for the period of temporary total incapacity have been paid.

On the date of the accident defendant in error, Kaage, while setting knives on a beveling machine, was struck in the eye by a small piece of steel. At first the injury caused him but little pain and he paid little attention to it. Several weeks afterward he noticed that the sight of the injured eye was failing. He then secured glasses, which gave him but temporary relief. By agreement between the plaintiff in error and Kaage the services of a surgeon were secured for the purpose of performing an operation to remove a cataract, apparently caused by the injury. In order to remove the cataract it was necessary to penetrate the cornea and iris and remove the lens from the eye. The piece of steel was removed from the eye by the same operation. The medical testimony taken before the arbitrator and Industrial Commission on review showed that it was impossible to bring the vision of the injured eye to harmonize with the other eye, the vision of which was normal; that lenses can be secured whereby defendant in error may see distinctly at the fixed focal distance of such lenses, but in order to see objects at a different focal distance with the injured eye it will be necessary to use a different lens with the required focal capacity. In other words, the sight of the injured eye is impaired to the extent that the defendant in error has lost the power of accommodation. Normal vision at certain distances may be had with glasses proper for such distances. The record contains testimony tending to show an estimated loss of three-fourths of a normal eye with such lenses. Kaage, since the recovery from temporary disability, has been able to and has earned wages equal to his earnings prior to the accident by use of his normal eye.

The arbitrator made a finding in which he awarded Kaage $10.50 for a period of 100 weeks under the specific schedule of the Compensation act for the loss of sight of his right eye. On a hearing the Industrial Commission ordered that the award of the arbitrator be approved and confirmed and that it stand as the decision of the commission. The circuit court confirmed the order of the Industrial Commission and entered judgment against the plaintiff in error for the sum then due, to-wit, $735, and ordered execution to issue therefor and for future installments as they severally come due.

Paragraph (e) of section 8 of the Workmen's Compensation act as amended in 1915 provides: "In addition to compensation during the period of temporary total incapacity for work resulting from such injury, * * * for the loss of the sight of an eye fifty percentum of the average weekly wage during 100 weeks."

It is contended by plaintiff in error that Kaage has not suffered a total loss of vision but has only lost the power of accommodation, which by the use of glasses he may regain. The evidence shows that with the use of correcting glasses or lenses the applicant can see clearly with the injured eye at a fixed distance. Such distance depends upon the character of the lenses or correcting glasses used. In other words, while with certain correcting glasses he can see clearly at fifteen feet, yet to see clearly at ten feet or at twenty feet he would require other lenses. The evidence also tends to show that as a result of the accident Kaage cannot use both eyes in conjunction,—that is, he has no practical use of the injured eye so long as he uses the normal eye but may have use of the injured member by the use of correcting lenses at fixed distances when the normal eye is closed.

Plaintiff in error contends that should Kaage lose the sight of his good eye he could by the use of lenses gain the use of the injured eye, and therefore he has not lost

the sight of the injured member. The question before this court is whether or not this man has for all practical uses and purposes lost his eye. The application of laws of this character should not be made to depend upon fine-spun theories based upon scientific technicalities, but such laws should be given a practical construction and application. For all practical purposes when a person has lost the sight of an eye he has lost the eye, and to say that the statute providing compensation for the loss of the sight of an eye does not apply here because of the remote possibility of Kaage losing his good eye, whereby he can through artificial means gain a certain amount of use of the injured member, is to place a construction on a remedial act which deprives it of all practical effect. Such could not have been the intention of the legislature in passing this act. It was said by this court in *Mark Manf. Co.* v. *Industrial Com.* 286 Ill. 620, where the employee lost the greater portion of his hand: "The fact that by the use of a mechanical appliance or some substitute for the hand the defendant in error is able to perform manual labor to some extent is not inconsistent with the complete loss of the use of the hand for practical work. The incapacity to use need not be tantamount to an actual severance of the hand. It is enough that the normal use has been entirely taken away.'—*In re Meley,* 219 Mass. 136; *Floccher* v. *Fidelity and Deposit Co.* 221 id. 54; *Lamieux* v. *Contractors Mutual Liability Ins. Co.* 223 id. 346." The reasoning and justice in that decision apply here.

The plaintiff in error cites the case of *Frings* v. *Pierce-Arrow Motorcar Co.* 169 N. Y. Supp. 309, as authority for the contention that the Industrial Commission erred in allowing compensation here. The court there said that "claimant has permanently lost the use of the eye, when so supplemented, to the extent only of using it in conjunction with the other eye, which he cannot do, owing to the lack of co-ordination of images," and that there was no liability

for compensation, for the reason that "should the claimant lose his left eye [his normal eye] he would be able, using the injured eye, aided by a lens, to fully perform his duties." The court of last resort of that State appears not to have passed upon the question. The reasoning in that case appears to us to be based on remote speculation as to the happening of another event which in itself would be an additional misfortune to the applicant, and we are not disposed to adopt such reasoning. We are of the opinion that the legislature did not intend that when a man has lost the use of one eye he should nevertheless be deprived of compensation for that loss because he might be unfortunate enough to lose the other eye and thereby gain a certain limited use of the eye first injured. We believe the true rule should be, that where, as here, the employee has lost all practical use of an eye, which practical use cannot be restored so long as he has his other eye, such amounts, in effect, to the loss of the eye, and that compensation for such loss should be paid to such employee under paragraph (e) of section 8 of the Compensation act.

We are of the opinion, therefore, that the Industrial Commission did not err in awarding compensation and that the circuit court did not err in confirming such award. The court did, however, err in entering a judgment upon the award and in ordering execution on future installments. The only authority which the circuit court had on review by *certiorari* was to confirm the findings and award of the Industrial Commission or to set aside the same and enter such a decision as is justified by law or remand the cause to the commission for further proceedings. The employee is fully protected by the bond required of the employer on petition for review. (*Otis Elevator Co.* v. *Industrial Com.* 288 Ill. 396.) That court should have entered an order confirming the award of the Industrial Commission and that the cost of the petition should be paid by the petitioner therein. For this error the judgment is reversed and the

cause remanded, with directions to the court to enter judgment in conformity with the views herein expressed.

*Reversed and remanded, with directions.*