(No. 4120— ▉▉▉▉▉▉▉▉)

PAUL A. RICH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 19, 1949.*

PAUL D. REESE, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Paul Rich, was employed by the State of Illinois as a common laborer under the "Division of

Highways'' and while so employed on October 3, 1947 in the discharge of his duties, sustained an injury to his right eye by being struck with a piece of concrete which flew from a chip-hammer while working on the State Highway Route U. S. 51 in Union County, about a mile south of Cobden, Illinois. That immediate notice was given to Mr. John P. Van, who was acting foreman of the claimant. Mr. Van offered to take Mr. Rich to a doctor, but he refused. On March 31, 1948 Attorney Paul D. Reese of Jonesboro, Illinois, addressed a letter to Mr. William L. Miles of Coulterville, Illinois, a foreman in the maintenance branch of the Division of Highways, which letter was in the form of a notice of claim for compensation for claimant.

It was stipulated in the record by the parties that the statutory notice of injury was given within the time required by the statute and that notice of claim was made within that time.

That the claimant continued working until October 21, 1947, when the work was completed in the area and he was no longer employed by the Division of Highways. The claimant was examined by Dr. Glenn T. Tygett of Cape Girardeau, Missouri, a specialist in the diseases of the eye, ear, nose and throat. Dr. Tygett testified that he saw the claimant on June 9, 1948 and made an examination and that for all practical purposes the sight in the right eye was destroyed. He further testified that a cataract had developed as a result of his injury, and that he did not believe that an operation was advisable. He further testified that an operation would not be successful for the reason that the eye, after operated, could not be used with the other eye as a pair and that for all practical purposes the claimant was industrially blind in the right eye.

The evidence shows that the claimant was a temporary employee and was earning 90 cents an hour and eight hours constituted a normal working day and employees engaged in a similar capacity ordinarily worked not to exceed 200 days per year. Upon this basis the claimant's average weekly wage was $27.69 and his rate of compensation $18.00 per week.

From the undisputed medical testimony and the testimony of the claimant, himself, the claimant has a total loss of his right eye. In the case of *Juergens Bros. Co. v. Inds. Com.*, 290 Ill. 420, at pages 423 and 424, the Court held:

"The question before this Court is whether or not this man has for all practical uses and purposes lost his eye. The application of laws of this character should not be made to depend upon fine-spun theories based upon scientific technicalities, but such laws should be given a practical construction and application. For all practical purposes when a person has lost the sight of an eye he has lost the eye, and to say that the statute providing compensation for the loss of the sight of an eye does not apply here because of the remote possibility of Kaage losing his good eye, whereby he can through artificial means gain a certain amount of use of the injured member, is to place a construction on a remedial act which deprives it of all practical effect. Such could not have been the intention of the legislature in passing this Act.

"We are of the opinion that the legislature did not intend that when a man has lost the use of one eye he should nevertheless be deprived of compensation for that loss because he might be unfortunate enough to lose the other eye and thereby gain a certain limited use of the eye first injured. We believe the true rule should be, that where, as here, the employee has lost all practical use of an eye, which practical use cannot be restored so long as he has his other eye, such amounts, in effect, to the loss of the eye, and that compensation for such loss should be paid to such employee under Paragraph (e) of Section 8 of the Compensation Act."

This case was affirmed in *Heaps* v. *Inds. Com.*, 303 Ill. 443, at 447, and also in the case of *Hamilton Engineering Company* vs. *Ind. Com.*, 339 Ill. 30, at pages 41 to 42. After consideration of all the evidence and the statement, brief and arguments, plaintiff is entitled to an award based on total loss of his right eye, which amounts

to 120 weeks at $18.00 per week or $2,160.00. The Court finds that the claimant refused medical aid when he was offered medical attention by the Department of Highways and elected to secure his own medical attention and therefore his claim for $50.00 medical expense is denied.

The testimony on hearing by Commissioner Jenkins was transcribed by Arsicel Reese of Anna, Illinois, who has submitted a statement in the amount of $20.00 for said services. This charge is reasonable and proper. This is for the hearing on November 8, 1948. The testimony on hearing before Commissioner Jenkins was transcribed by Eileen Jones on December 6, 1948, who has submitted a statement of $10.00 for her services. This charge is reasonable and proper.

An award is therefore entered in favor of the claimant, Paul A. Rich, in the amount of $2,160.00 for the specific total loss of the use of his right eye, payable as follows:

$1,440.00 which has accrued, is payable forthwith;
$ 720.00 to be paid in weekly installments of $18.00 per week for a period of 40 weeks, beginning April 22, 1949.

An award of $100.00, to be paid by respondent to the State Treasurer of the State of Illinois as ex-officio custodian of the Workmen's Compensation Special Fund, to be distributed in accordance with the provisions of said Workmen's Compensation Act.

An award is also made in favor of Ariscel Reese for stenographic services in the amount of $20.00 which is payable forthwith.

An award is also made in favor of Eileen Jones for stenographic services in the amount of $10.00 which is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."