James C. Gomes *vs.* Bristol Manufacturing Corporation.

JUNE 15, 1962.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Roberts, J. This is an employee's original petition for compensation brought under the provisions of the workmen's compensation act, G. L. 1956, chap. 29 et seq. of title

28. A hearing thereon was held by a trial commissioner who thereafter entered a decree denying and dismissing the petition. Subsequently the full commission, after a hearing, entered a decree on December 11, 1961 affirming the decree of the trial commissioner. From this latter decree the petitioner has taken an appeal to this court.

There is no substantial dispute concerning the material facts in this case. On March 12, 1952 petitioner, while engaged in the course of his usual employment with respondent, sustained an injury to his back. As a result thereof he became incapacitated for the first time on September 20, 1954, which incapacitation continued until October 22, 1954. Thereafter it recurred on June 15, 1955 and continued until July 1, 1955. The instant petition contains averments of further recurrences between 1957 and 1960.

On January 12, 1956 petitioner and respondent executed a preliminary agreement designated therein as a "Nonprejudicial three month agreement" and a suspension agreement for each of the periods of incapacity that occurred in 1954 and 1955. These documents were submitted to the director of labor and on January 19, 1956 they were returned to respondent with a notation attached thereto which read, "These agreements cannot be approved," and an explanation in writing that the agreements were not approved because at the time petitioner sustained his injury the statute did not provide for nonprejudicial agreements. The petitioner testified without contradiction that until shortly before he filed his petition in the instant case on December 27, 1960, he was unaware that as of January 19, 1956 the director of labor had refused to approve the agreements.

The decree of the trial commissioner affirmed by the full commission was entered on July 3, 1961 and contained findings that petitioner had been injured in the course of his employment on March 12, 1952 and that he became inca-

pacitated as a result of that injury on September 20, 1954. The trial commissioner also set out therein finding numbered 5 that "No agreement was executed and duly approved within two years of September 20, 1954" and finding numbered 6 that "Petitioner failed to file a petition for Workmen's Compensation benefits within two years of the beginning of his incapacity for work on September 20, 1954." These findings relate to the provisions of the statute which limit the time within which an injured employee can institute a claim for compensation. G. L. 1956, §28-35-57.

Such statute provides in pertinent part that "An employee's claim for compensation * * * shall be barred unless an agreement or a petition, as provided in this chapter, shall be filed within two (2) years after the occurrence or manifestation of the injury * * *." It is clear that the denial of the instant petition was based on the commission's conclusion that petitioner had failed to establish compliance with the pertinent provisions of the above-quoted section of the act.

The petitioner contends, as we understand him, that the submission to the director of labor of the nonprejudicial agreements of January 12, 1956 should be held to constitute the filing of an agreement in compliance with the provisions of §28-35-57. He argues, however, that if the contrary be held, then the payment of compensation to him by respondent at the time of the execution of these purported nonprejudicial agreements would amount to the payment of compensation to an injured employee without the execution of a memorandum of agreement and, by virtue of the provisions of §28-35-9, constitute an admission that the employee is entitled to compensation. The petitioner also argues that respondent is estopped from questioning his compliance with the provisions of said §28-35-57.

Compliance with the mandate of §28-35-57 under the terms thereof may be had by filing within two years of the

date of the employee's injury an agreement or petition as provided in chap. 35 of title 28. So far as it relates to agreements, §28-35-57 contemplates a filing with the director of labor. Section 28-35-1 provides: "If the employer and the employee * * * reach an agreement in regard to compensation under chapters 29 to 38, inclusive, of this title, a memorandum of such agreement signed by the parties shall be filed in the office of the director of labor, who shall forthwith docket the same in a book kept for that purpose." In other words, it is our opinion that a filing of an agreement sufficient to comply with §28-35-57 is the filing with the director of labor of a memorandum of an agreement between the parties and signed by them.

Section 28-35-1 requires that the director of labor, upon the filing of such a memorandum, shall docket the same forthwith. We do not perceive that this section purports to authorize him to decline to accept and docket such a memorandum of agreement or to refuse to do so on the ground that he is withholding approval thereof. In other words, it is our opinion that compliance within the contemplation of the legislature with the pertinent provisions of §28-35-57 may be made by filing a memorandum of agreement pursuant to the terms of §28-35-1.

We are aware of the provisions of §28-35-3 which provide that an agreement concerning compensation executed by an employer and an employee when it is approved by the director of labor will have the conclusiveness of a decree of the commission. In our opinion §28-35-3 is intended only to make such an agreement when approved by the director res judicata of the averments set out therein concerning the nature of the injury, the extent of the disability, and the average wage. This section in no manner modifies or limits the effect of the filing of a memorandum of an agreement pursuant to §28-35-1.

It does not follow that because the agreements of Janu-

ary 12, 1956 were nonprejudicial in character the director was therefore relieved of his obligation to docket them as memoranda of agreements made between an employer and an employee concerning compensation. A nonprejudicial agreement is no less an agreement within the purview of chap. 35 of title 28 because it does not operate to prejudice the parties thereto to take any position as to the liability of the employer after its expiration that they could have taken absent such an agreement. To take such a view of the nature of nonprejudicial agreements is to misconceive the purpose of the act.

The prohibitive effect of §28-35-8 is twofold and has application to the employer as well as to the employee. In our opinion the legislature intended that the limitation on the effect of such nonprejudicial agreements was to apply mutually to each of the parties thereto. Obviously under §28-35-8 an employee may not assert that by executing a nonprejudicial agreement an employer is subsequently precluded from denying liability to pay compensation. However, the statute also operates to bar an employer from asserting that because an agreement filed with the director of labor was of a nonprejudicial character its filing did not constitute compliance with the requirements of §28-35-1 and thus preclude the employee from establishing that the employer is liable for compensation payments.

It is our opinion that the submission to the director of labor of the nonprejudicial agreements executed by the parties on January 12, 1956 constituted the filing of a memorandum of agreement signed by the parties within the purview of §28-35-1. The director having been invested with no authority by the statute to decline to docket such a memorandum pursuant to the mandate thereof, his rejection of the agreements was a nullity. In this circumstance we are constrained to conclude that the submission of the memoranda on January 12, 1956 to the director of labor

constituted compliance with the provisions of §28-35-57 and that therefore the petitioner is not barred from maintaining his claim for compensation. Because we take this view of the statute, we will not be required to pass upon his other contentions.

The appeal of the petitioner is sustained, the decree appealed from is reversed in so far as it affirms findings numbered 5 and 6 in the decree of the trial commissioner entered on July 3, 1961, and the cause is remanded to the workmen's compensation commission for further proceedings.

CONDON, C. J., dissenting. I cannot agree with the court's construction of the statute. In my opinion it is tantamount to judicial legislation. While the result thereby attained is appealing from a humanitarian viewpoint, it is not within our province to so refashion the statute in order to produce such result. I therefore dissent and would affirm the decree appealed from.

*Abedon, Michaelson & Stanzler, Julius C. Michaelson, Richard A. Skolnik,* for petitioner.

*Boss, Conlan, Keenan, Bulman & Rice, John F. Dolan,* for respondent.