Anthony IACOVELLI

v.

P. F. INDUSTRIES, INC.

No. 82–131–Appeal.

Supreme Court of Rhode Island.

Oct. 15, 1982.

Lovett, Morgera, Schefrin & Gallogly, Ltd., Lauren E. Jones, Providence, for petitioner.

Robert K. Argentieri, Providence, for respondent.

## OPINION

PER CURIAM.

This matter was before the court on an order to the petitioner-employee to show cause why his appeal from a final decree of the Workers' Compensation Commission should not be dismissed. Cause has not been shown and the appeal is dismissed.

Mr. Iacovelli was injured while working at P. F. Industries. He entered into an agreement with the employer and received workers' compensation benefits. That preliminary agreement was approved by the State Director of Labor.

After the employee returned to work, he signed a "Workmen's Compensation Suspension Agreement and Receipt." The agreement was duly filed with the Department of Labor, but the director never actually approved the suspension agreement. Later the employee brought a petition to enforce the original preliminary agreement, seeking weekly compensation for the period following his return to work. He based his claim for additional compensation on the argument that the settlement agreement was not in effect unless approved by the Director of Labor. The evidence presented established that the agreement was in order and there was no reason for the lack of approval by the director. For some unknown reason, according to a witness from the Department of Labor, normal handling procedures were not followed in this particular case.

The appellate commission denied the petition and enforced the settlement agreement retroactively to the date of execution as though it had been duly approved by the Director of Labor. The employee appealed.

In *Gomes v. Bristol Manufacturing Corp.,* 94 R.I. 500, 182 A.2d 318 (1962), this court held that the failure of the Director of Labor to docket a memorandum of agreement between the parties, as he is required to do by G.L. 1956 (1979 Reenactment) § 28–35–1, did not affect the validity of the filing. Our decision was based on the mandatory language of the statute which provides that the director shall docket any agreement.

This case presents a similar situation. Here the evidence from the Department of Labor was that the agreement was in conformity with all requirements of the law. Under the provisions of § 28–35–3, the Director of Labor "shall so approve" in such cases. Applying that reasoning to this case, we feel that the conforming but unapproved settlement agreement should be given full effect.

The case of *Walker v. Kaiser Aluminum & Chemical Corp.,* 119 R.I. 581, 382 A.2d 173 (1978), is not applicable. In that case the court refused to find an implied suspension agreement by reason of the fact that the employee returned to work. Unlike *Walker,* in this case there was a fully executed suspension agreement and receipt filed with the Director of Labor as required by statute following the employee's return to work.

The petitioner's appeal is denied and dismissed.

WEISBERGER and MURRAY, JJ., did not participate.