James W. CARTER

v.

LANG JEWELRY CO.

No. 83–626–Appeal.

Supreme Court of Rhode Island.

May 30, 1985.

Charles H. McLoughlin, Providence, for petitioner.

George E. Healy, Jr., Providence, for respondent.

## OPINION

WEISBERGER, Justice.

This case comes before us on two consolidated appeals from final decrees of the Workers' Compensation Appellate Commission. One decree denied a petition to enforce a preliminary agreement. The other decree denied an original petition for disfigurement by reason of failure to file within the period required by the statute of limitations then in force. We affirm both decrees. The facts relating to these petitions will be stated separately.

## I

## THE DENIAL OF THE PETITION TO ENFORCE

James W. Carter (employee) initially sustained an injury to his right foot on April

27, 1970. The employer and employee executed an agreement and suspension receipt that indicated that the period of incapacity began April 28, 1970, and ended with a return to work May 22, 1970. Later a second agreement was entered into by the parties, indicating that the employee had become partially incapacitated June 11, 1970, as a result of the original injury. The suspension agreement and receipt further set forth that the employee had returned to work on September 9, 1970. A third agreement entered into by the parties indicated a return of incapacity on February 12, 1971, and a suspension receipt revealed that employee had returned to work on March 5, 1971. There is no dispute that the agreements and suspension receipts were signed by employer and employee respectively. There is no claim that the agreements or receipts were not factually correct.

However, the employee challenges the effectiveness of these settlement agreements and receipts on the ground that they were not approved by the Director of Labor in accordance with the requirement of G.L.1956 (1979 Reenactment) § 28–35–3.[1] The trial commissioner heard the testimony of the chief claims examiner for the Workers' Compensation Division of the Department of Labor. This witness testified that the various agreements met all of the requirements of the department for approval but that for some unknown reason the stamp of approval had not been affixed. The trial commissioner found, and the appellate commission agreed, that the absence of the stamp of approval was caused

1. General Laws 1956 (1979 Reenactment) § 28–35–3 was repealed, effective September 1, 1982, by P.L.1982, ch. 32, art. 1, § 9. At the time the agreements in this case were entered into, however, § 28–35–3 was in effect and read as follows:

"If an employer or insurer and an employee, or in case of fatal injury his legal representative, shall reach an agreement in regard to compensation, such agreement shall be submitted in writing to the director of labor by the employer or insurer with a statement

of the time, place and nature of the injury upon which it is based, *and if said director of labor shall find such agreement to conform to the provisions of chapters 29 to 38, inclusive, of this title in every regard, he shall so approve it and shall docket the same in a book kept for the purpose.* A copy of any such agreement shall be delivered to each of the parties, and thereafter it shall be as binding upon both parties as an award or order by or decree of the workers' compensation commission." (Emphasis added.)

by the failure of an employee of the department to carry out the "ministerial duty which requires the stamping of the suspension receipts." The appellate commission held that the stamp could be affixed subsequently and that such act would have a "curative effect and retroactive effect to the date in question."

We are of the opinion that this case is controlled by our opinion in *Iacovelli v. P.F. Industries, Inc.,* — R.I. —, 451 A.2d 282 (1982), wherein a virtually identical question was presented. There, an employee sought by petition to enforce a preliminary agreement between the employer and the employee. The employee based his claim that the employer should continue to pay compensation under the agreement on the fact that a settlement receipt signed by the parties had not been approved by the Department of Labor. Citing *Gomes v. Bristol Manufacturing Corp.,* 94 R.I. 500, 182 A.2d 318 (1962), we held that the failure to approve such an agreement, which was in conformity with the requirements of law, was not fatal to the validity of such an agreement and that the "conforming but unapproved settlement agreement should be given full effect." *Iacovelli,* — R.I. at —, 451 A.2d at 283.

▇▇▇ The employee here raises before us a question concerning whether the instant agreements meet all of the requirements of the statute. The employee claims that because the settlement receipt for the March 5, 1971 suspension agreement did not set forth the place or nature of the injury, although the date was clearly set forth, the settlement receipt is legally insufficient to terminate compensation payments agreed to in the suspension agreement. It should be noted, however, that the preliminary agreement, which is also on file with the Department of Labor, clearly sets forth the place and nature of the injury. Reading the preliminary agreement and the suspension agreement together,

one can conclude that the statutory requirements are clearly met.

Consequently, the appellate commission was correct in giving full force and effect to the preliminary agreements and settlement receipts.

II

## THE DENIAL OF THE PETITION FOR COMPENSATION FOR DISFIGUREMENT

The employee filed an original petition for compensation for loss of use and disfigurement of his leg. The employee's petition arose out of an injury that occurred on April 27, 1970, and involved a second-degree burn sustained when a peroxide solution was spilled on employee's foot while he was engaged in a plating process. This is the same injury for which the preliminary agreements and the suspension receipts were entered, as referred to above. The trial commissioner denied this petition, and the appellate commission affirmed on the ground that the petition was not filed within the period limited by G.L.1956 (1968 Reenactment) § 28–35–57,[2] which required at the time of this injury that such a petition be brought within two years of the time when the condition had reached an end result in the treatment so that nothing further could be done to help employee's injury. *Rainville v. King's Trucking Co.,* — R.I. —, —, 448 A.2d 733, 734–35 (1982). The instant petition was filed March 24, 1981.

A physician who testified on employee's behalf stated that he treated employee for the burns in question during the year 1971. He further testified that employee was discharged and then reevaluated on February 6, 1981. It was the uncontradicted testimony of this witness that an end result had probably been reached six to seven years prior to the date of the evaluation of February 6, 1981. This would mean that an

---

**2.** This statute was in effect at the time of the injury and at the time the end result was achieved. The present statute, G.L.1956 (1979 Reenactment) § 28–35–57, provides for a three-year period of limitations.

end result had been reached, based on this testimony, either in 1974 or in 1975. Either date would be far more than two years prior to March 24, 1981.

■ The employee suggests that the filing of a preliminary agreement and the three successor agreements in relation to compensation for incapacity should have tolled the statutory period of limitations in respect to the claim for specific injury. The claim for loss of use or disfigurement is a claim for specific compensation and is independent of and in addition to the claim for loss of earning capacity. *Jones v. Grinnell Corp.*, 117 R.I. 44, 47, 362 A.2d 139, 141 (1976); *Sherry v. The Crescent Co.*, 101 R.I. 703, 706, 226 A.2d 819, 821 (1967); *Martinuzzi v. Capitol Marble & Tile Co.*, 79 R.I. 115, 117, 84 A.2d 605, 606 (1951). Consequently, the entry into a preliminary agreement in respect to compensation for incapacity would have no effect upon and could not toll the statute of limitations in respect to the filing of a claim for disfigurement and loss of use.

The uncontradicted testimony of the employee's treating physician not only supported but indeed compelled the findings of the trial commissioner and the appellate commission that the petition for loss of use and disfigurement had not been timely filed. Consequently, the appellate commission did not err in denying said petition.

For the reasons stated, the appeal of the employee is denied and dismissed. The final decrees of the appellate commission are affirmed. The papers in the cases may be remanded to the appellate commission.